Benjamin L. Felcher Leavitt (BL 7363)
Leavitt Legal PLLC
19 Court Plaza, Suite 201
White Plains, NY 10601
(914) 946-3800
Fax: (914) 949-0379



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ABRAM PRESINAL,
                    Plaintiff

                    -against-

NEW YORK CITY, NEW YORK CITY
POLICE DEPARTMENT, ENEORJI
BROOKS and John Does, 1-10,

                    Defendants.
------------------------------------------------------------X

Index No. _____

**COMPLAINT AND JURY DEMAND**

12                          

**JUDGE ENGELMAYER**

Plaintiff, by and through counsel, hereby brings this action pursuant to 42 U.S.C. §§1983

and 1988 and as alleges as follows:

## I. NATURE OF THE ACTION

1.    Plaintiff brings this federal civil rights action to obtain redress the injuries he sustained

from the wrongful detention and arrest perpetrated by Defendants.

2.    At all relevant times herein, Plaintiff Abram Presinal was a resident of the Bronx, New

York.

3.    This claim arises out of the intentional violation of Abram Presinal's State and Federal

rights to be free from unlawful and unreasonable seizures and will sound in civil rights claims

and claims for false arrest.

## II. JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action under 28, U.S.C. §1331 and 1343(a)(3) and

(4). This case arises under 42 U.S.C. §1983.

5.    Venue properly lies in this District under 28 U.S.C. (b)(1) and (2).

## III. PARTIES

## A.     Plaintiff

6.     Plaintiff is an individual who resides in the Bronx New York.

## B.     Defendants

7.     Defendant New York City is a municipality and the employer of the individual police officer defendants.

8.     Defendant New York City Police Department is a department of the City of New York and also the employer of the individual police officer defendants.

9.     Defendant Eneorji Brooks, badge #14337 ("Officer Brooks"), is an individual and was at all relevant times herein, a police officer in the New York City Police Department and was stationed in the Bronx, New York.

10.     John Does 1-10 are individual police officers of the New York City Police Department also, at all relevant times herein, stationed in the Bronx, new York.

## IV. STATEMENT OF FACTS

11.     On or around September 14, 2011 in the evening, Mr. Abram Presinal ("Presinal") was a passenger in a vehicle operated by his friend Alfred Sutton.

12.     On that date and time, upon information and belief, the car in which Mr. Presinal was riding was pulled over by the New York City Police, specifically Officer Brooksas well as other officers (badge number currently unknown by claimant). The vehicle was pulled over due to an front headlight that was not lit.

13.     Upon information and belief, the driver told Officer Brooks that the light was malfunctioning due to an electrical wiring problem but that the light would, at times, work. The driver asked to get out of the car to demonstrate this to the officer, which he did. The driver then got the light to illuminate by tapping on the front of the car thus reconnecting a wire.

2

Despite this, the Officer Brooks told the driver to get the side of the vehicle and ordered the other passengers to exit the car.

14.   At this time, there were approximately three other police officers involved in the vehicle stop.

15.   The driver and passengers were pat searched by the side of the vehicle and no weapons or contraband were found. When questioned as to why they were being further detained, Officer Brooks told them that it was the Police Department's "policy" to search all people in a motor vehicle stop.

16.   After finding nothing during the pat down search, the officers ordered the driver and passengers to sit on the back bumper of the car while they then searched the interior of the vehicle.

17.   Finding nothing in the compartment of the car, upon information and belief, Officer Brooks searched a woman's handbag located in the front seat of the car. The woman's handbag belonged to a female passenger, Kimberly DeLaSantos. Presinal had been sitting in the back seat of the car.

18.   A controlled substance was found inside the female's handbag.

19.   The handbag was continually in the sole possession of the female passenger and none of the other occupants of the vehicle, including Presinal, had any custody care or control over the controlled substance. Presinal, in fact, was in the rear compartment of the car, physically separated from the handbag.

20.   The female passenger informed Officer Brooks that the handbag belonged solely to her.

21.   Despite the fact that the female passenger was the only individual chargeable with possession of the controlled substance, Officer Brooks placed all of the individuals in the vehicle

3

under arrest for criminal possession of a controlled substance. Presinal was arrested and placed into custody.

22.     Officer Brooks did not have probable cause to believe that Presinal had committed any crime whatsoever.

23.     Nevertheless, and in blatant disregard of Presinal's civil rights, Officer Brooks wrongfully and falsely arrested Presinal and subjected him to an unlawful seizure.

24.     As a direct result of these civil rights, statutory and common law violations, Presinal was detained for approximately 48 (forty-eight) hours during which time he was processed for criminal possession of a controlled substance and held in jail until his arraignment.

25.     At arraignment, upon information and belief, all of the charges against Presinal were dismissed.

26.     Officer Brooks' actions, and those of the Police Department of the City of New York violated Presinal's state and federal constitutional rights to be free from unreasonable seizure, false arrest. In addition, under the facts and circumstances set forth herein, the utter lack of any justification for Officer Brooks' actions in depriving Presinal of his civil rights and falsely arresting him were malicious warranting punitive damages.

## V. CLAIM FOR RELIEF

27.     Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

28.     Plaintiff has a claim under 42 U.S.C. §1983 for violations of his Fourth Amendment Rights to be free from unlawful searches and seizures.

29.     All of the named defendants violated Plaintiff's Fourth Amendment Rights by wrongfully detaining and arresting him without cause or justification.

30.     The individual defendants' conduct was willful, malicious and evinced a flagrant disregard for his constitutional rights.

4

31.   Plaintiff suffered a loss of his freedom and suffered emotional harm as a result of the violations of his Fourth Amendment Rights.

**WHEREFORE,** plaintiff asks for the following relief:

A. Damages in the amount of $500,000 for bodily harm, emotional harm, pain and suffering;

B. Punitive Damages in the amount of $500,000;

C. Attorney's fees; and

D. Such other further relief as may be just and fair.

   PLAINTIFF DEMANDS TRIAL BY JURY

Dated: December 13, 2012

Benjamin L. Felcher Leavitt (BL7363)
Attorney for Defendant
19 Court Plaza
White Plains, NY 10601
(914) 946-3800
Fax: (914) 949-0379
Email: benleavitt@leavittlegal.com